UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| WILLIAM STEPHENS, | : | Case No. 07-cv-529 |
| | : | |
| Plaintiff, | : | Spiegel, J. |
| | : | Black, M.J. |
| vs. | : | |
| | : | |
| SAWBROOK STEEL | : | |
| CASTING CO., *et al.*, | : | |
| | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION[1] THAT: (1) DEFENDANT UNITED STEELWORKERS OF AMERICA'S MOTION TO DISMISS (Doc. 13) BE GRANTED; (2) THE COMPLAINT BE DISMISSED IN ITS ENTIRETY; AND (3) THIS CASE BE CLOSED**

This civil action is currently before the Court on a motion under Fed. R. Civ. P. 12(b)(6) by Defendant United Steelworkers of America to dismiss this action as barred by the applicable statute of limitations. (Doc. 13.) The motion is fully briefed and ripe for review.

## I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, a former employee of Defendant Sawbrook Steel Casting ("Sawbrook"), was discharged from his employment on September 15, 2006. He initiated this action on July 9, 2007 by filing a complaint against Sawbrook and the United Steelworkers of America ("the union"). (Doc. 3.) Plaintiff alleged that Sawbrook terminated his

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

1

employment unlawfully, and that the union failed to represent him in regards to his termination and did not file a discharge grievance on his behalf. (*See id.*)

The union seeks dismissal of the action as barred by the applicable statute of limitations because it was not brought within six months of the date on which Plaintiff knew or should have known of the alleged breach of the duty of fair representation.

## II. STANDARD OF REVIEW

Upon consideration of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff. *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000); *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). Because Plaintiff is proceeding *pro se*, his complaint is held to an especially liberal standard, and should only be dismissed for failure to state a claim if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Herron*, 203 F.3d at 414 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The Court, however, need not accept as true legal conclusions or unwarranted factual inferences. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

## III. ANALYSIS

### A.

The union's motion to dismiss should be granted because Plaintiff's claims against it are barred by the statute of limitations.

In support of his complaint, Plaintiff alleges that he was injured on the job on September 12, 2006, and that his employment was terminated when he returned to work on September 15, 2006, after a supervisor refused to accept a doctor's excuse for his absence.[2] (*See* Doc. 3 at p. 5.) He also alleges that, before his injury, he had filed a grievance about a pay issue and that, after an investigation, the union found in his favor. (*See id.*) Finally, he alleges that the union failed to fight for his rights as an employee who was wrongfully terminated. (*See id.* at p. 6.)

It is well established that a six-month statute of limitations applies to a hybrid § 301/unfair representation suit against both the employer for breach of contract and the unions for breach of the duty of fair representation. *See DelCostello v. International Bhd. of Teamsters*, 462 U.S. 151, 173 (1983). The limitations period begins to run when the employee knew or should have known of the alleged breach of the duty of fair representation. *See Wilson v. International Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*, 83 F.3d 747, 757 (6th Cir. 1996); *Chrysler Workers Ass'n v. Chrysler Corp.*, 834 F.2d 573, 578 (6th Cir. 1987), *cert. denied*, 486 U.S. 1033 (1988). The six-month period applies whether the employee sues the employer, the union, or both. *DelCostello*, 462 U.S. at 165.

---

[2] In the complaint, filed July 9, 2007, Plaintiff states that he was injured on September 12, 2007 and that his employment was terminated on September 15, 2007. (Doc. 1.) In his response to the motion to dismiss, he clarifies that the underlying events took place in September 2006. (*See* Doc. 16.)

When liberally construed, the *pro se* complaint indicates that Plaintiff is asserting a hybrid § 301 claim.  He alleges both that the employer violated the bargaining agreement by retaliating against him for having brought a prior grievance, and that the union breached its duty of fair representation.  (*See* Doc. 3.)  Thus, the six-month statute of limitations applies.

Documents in the record establish that Plaintiff knew or should have known of the alleged breach of the duty of fair representation more than six months before he filed his complaint.  Review of the record shows that sometime after his discharge, Plaintiff filed unfair labor charges with the NLRB against the union alleging a breach of the duty of fair representation.  (*See* Doc. 13, Ex. 7.)  The NLRB issued a decision dismissing the charge on November 30, 2006.  (*Id.*)

The filing of a NLRB charge does not toll the limitations period, but may mark the latest point in time when the limitations period begins to run.  *See Livingstone v. Schnuck Mkt., Inc.*, 950 F.2d 579, 583 (8th Cir. 1991).  The record does not include a copy of the NLRB charge[3] and the date of the filing is unknown.  Nonetheless, even if the date of the decision were used to calculate the limitations period, the filing period would have expired on or about May 29, 2007.  Plaintiff did not file his complaint until July 29, 2007.

The motion to dismiss the complaint as untimely should be granted.

---

[3] A copy of the NLRB charge showing the filing date is not included in the record. Inexplicably, or perhaps inadvertently, a copy of another employee's charge was filed instead. (*See* Doc. 13, Ex. 5.)

**B.**

Although Sawbrook has not joined in the union's motion to dismiss, claims against it should also be dismissed and this case closed.

A district court may properly dismiss an action on its own motion as to defendants who have not moved to dismiss where such defendants are in a position similar to that of the moving defendants. *Silverton v. Department of the Treasury*, 644 F.2d 1341, 1345 (9th Cir.), *cert. denied*, 454 U.S. 895 (1981); *see also Muhammad v. State*, Nos. CIV. A. 99-3742, CIV. A. 99-2694, 2000 WL 1511181, at *4, 6 (E.D. La. Oct. 6, 2000) ("the reasoning requiring dismissal of the claim against [moving] defendants mandates the dismissal of the claim against all defendants"); *Lesher v. Lavrich*, 632 F. Supp. 77, 84 (N.D. Ohio 1984), *aff'd,* 784 F.2d 193 (6th Cir. 1986).

A claim against an employer for wrongful discharge in violation of the collective bargaining agreement is "inextricably interdependent" on a claim against the union for breach of the duty of fair representation. *See Chrysler Workers Ass'n*, 834 F.2d at 578. Moreover, as previously noted, the six-month limitations period also applies to claims against the employer. *See DelCostello*, 462 U.S. 151 at 165.

Accordingly, claims against Sawbrook are also time-barred and should be dismissed.

**IT IS THEREFORE RECOMMENDED THAT:**

Defendant United Steelworkers of America's motion to dismiss this action as barred by the applicable statute of limitations (Doc. 13) should be **GRANTED**; the complaint should be **DISMISSED** in its entirety; and this case should be **CLOSED**.

Date:   2/26/08                        s/Timothy S. Black
                                       Timothy S. Black
                                       United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| WILLIAM STEPHENS, | : | Case No. 07-cv-529 |
| | : | |
| Plaintiff, | : | Spiegel, J. |
| | : | Black, M.J. |
| vs. | : | |
| | : | |
| SAWBROOK STEEL | : | |
| CASTING CO., *et al.*, | : | |
| | : | |
| Defendants. | : | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation within **TEN DAYS** after being served with a copy thereof. That period may be extended by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the Report and Recommendation objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to an opponent's objections within **TEN DAYS** after being served with a copy those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).