```
                  UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF OHIO
                        WESTERN DIVISION
```

WILLIAM STEPHENS,              :    NO. 1:07-CV-00529
                               :
    Plaintiff,                 :
                               :
            v.              :    **OPINION AND ORDER**
                               :
SAWBROOK STEEL                 :
CASTING CO., et al.,           :
                               :
    Defendants.                :

        This matter is before the Court on the Magistrate Judge's February 26, 2008, Report and Recommendation (doc. 21), Plaintiff's Response in Opposition (doc. 22), Defendant Sawbrook Steel Casting Co.'s Response to Plaintiff's Objections (doc. 24), and Defendant United Steel Workers of America's Response to Plaintiff's Objections (doc. 25). For the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation, and DISMISSES this matter from the Court's docket.

**I. Background**

        Plaintiff is a former employee of Defendant Sawbrook Steel Casting Co. ("Sawbrook") that Sawbrook discharged on September 15, 2006 (doc. 21). Plaintiff filed his Complaint on July 9, 2007, alleging that Sawbrook unlawfully terminated his employment in violation of Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and, that the United Steel Workers of America (the "Union") failed to represent him adequately in his

termination proceedings by not filing a discharge grievance on his behalf (doc. 3).  Defendant Union moved the Court to dismiss Plaintiff's Complaint, arguing the matter is barred by the applicable statute of limitations (doc. 13).

**II.  The Magistrate Judge's Report and Recommendation**

The Magistrate Judge found that the Union's motion to dismiss should be granted in its entirety because Plaintiff's claims against it are barred by the statute of limitations (Id.). The Magistrate Judge found Plaintiff's Complaint amounted to a hybrid Section 301/unfair representation suit against both his employer for breach of contract, and the Union for breach of the duty of fair representation; and as such, a six-month statute of limitations applies.  (Id. citing DelCostello v. Int'l Bhd. Of Teamsters, 462 U.S. 151, 173 (1983)).  The limitations period begins to run when the employee knew or should have known of the alleged breach of the duty of fair representation.  (Id. citing Wilson v. Int'l Bhd. Of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO, 83 F.3d 747, 757 (6th Cir. 1996)).  The six-month period applies whether the employee sues the employer, the Union, or both (Id. citing  DelCostello, 462 U.S. at 165).

The Magistrate Judge reported that Plaintiff's Complaint alleges he was injured on the job September 12, 2006, and that his employment was terminated on September 15, 2006 (doc. 21). Plaintiff further alleges that before his injury he filed a

grievance about a pay issue, that, following an investigation, was resolved in his favor (Id.).  The Magistrate Judge found that documents in the record establish that Plaintiff knew or should have known of the alleged breach of the duty of fair representation more than six months before he filed his Complaint (Id.). Plaintiff filed a complaint with the National Labor Relations Board ("NLRB") against the Union for a breach of the duty of fair representation which was dismissed on November 30, 2006 (Id.). The NLRB complaint filing date, which in this case is unknown, can be used to mark the latest point at which the statute of limitations can begin to run (Id.).  The Magistrate Judge found that even if the date of decision of the NLRB were used, the statute of limitations would have expired on May 29, 2007, more than a month before Plaintiff filed his Complaint (Id.).  The Magistrate Judge found in light of these facts that the Complaint against the Union should be dismissed because it is time-barred (doc. 22).

The Magistrate Judge further found that the action against Defendant Sawbrook should also be dismissed (Id.).  He reported that a district court may dismiss an action on its own motion as to defendants who have not moved to dismiss, as is the case here with Sawbrook, when such defendants are in a similar position to that of the moving defendants (Id. citing Silverton v. Dept. of the Treasury, 644 F.2d 1341, 1345 (9th Cir.), cert. denied, 454 U.S. 895 (1981)).  The Magistrate Judge found that a

claim against an employer for wrongful discharge in violation of the collective bargaining agreement is "inextricably interdependent" on a claim against the Union for breach of the duty of fair representation. (Id. citing Chrysler Workers Ass'n v. Chrysler Corp., 834 F.2d 573, 578 (6th Cir. 1987), cert. denied, 486 U.S. 1033 (1988)). Accordingly, the Magistrate Judge found the claims against the Union are also time-barred and should be dismissed (doc. 21).

**III.  The Parties' Responses to the Report and Recommendation**

In his Response, Plaintiff recounts the facts that gave rise to his Complaint (doc. 22). Plaintiff indicates he injured his eye on September 12, 2006 (Id.). Plaintiff alleges that subsequent to his injury, a supervisor told him he would be penalized if he left work early to seek medical attention (Id.). Plaintiff further alleges that when he returned to work on September 15, 2006, with a doctor's excuse note, Plaintiff's supervisor gave him a termination slip dated August 30, 2006 (Id.).

Plaintiff claims he initiated his action on four separate occasions (Id.). First, Plaintiff claims he filed action on September 18, 2006, with the former Union President, seeking a "grievance form", and was advised to file action with the NLRB (Id.). Second, Plaintiff, states he filed a retaliation action with the NLRB, but that he was unable to explain the whole case so it could proceed (Id.). Third, Plaintiff avers he met with union

representatives about a pay-related grievance on November 3, 2006, but that such issue was resolved in November 2007 without his knowledge or presence (doc. 22).  Fourth, Plaintiff argues he initiated a disability complaint with the Equal Employment Opportunity Commission ("EEOC")(Id.). Finally, Plaintiff states he has abided by the rules governing the statute of limitations to the "best of his ability" (Id.).

In response to Plaintiff's claims, Defendant Sawbrook argues Plaintiff's favorable evidence is irrelevant because it supports the underlying merits of his claim and does not address the tardiness of Plaintiff's Complaint (doc. 24).  Defendant Union argues similarly that Plaintiff has addressed the merits of his claim (doc. 22).  The Union argues Plaintiff only makes a tangential reference to the statute of limitations, and appears to concede that he failed to comply with it (Id.).

**IV. Discussion**

Having reviewed this matter, the Court finds the Magistrate Judge's Report and Recommendation thoughtful, well-reasoned, thorough, and correct.  Plaintiff's objection has not addressed the Report and Recommendation, but rather has presented arguments that address the merits of his claim and not the tardiness of his filing.  A six-month statute of limitations applies to a hybrid Section 301/unfair representation suit. DelCostello, 462 U.S. at 169, 173.  The Plaintiff must formally

file an unfair labor practices complaint with the Courts within the six-month statute of limitations, and he failed to do so. Id. at 170. As such, Plaintiff's claims fail that he initiated the action on several occasions, as none of the events he reports qualify as the requisite filing. Although the Court finds the facts as alleged present a sad case, the Court can find no legal basis to allow this time-barred action to proceed.

Accordingly, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation (doc. 21), and GRANTS Defendants' Motion to Dismiss (doc. 13). The Court DIRECTS the clerk to close this case on the Court's docket.


SO ORDERED.


Dated: June 10, 2008         /s/ S. Arthur Spiegel

                                                S. Arthur Spiegel
                                                United States Senior District Judge